## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PATRICK HALEY and RANDAL REEP, on behalf of themselves and all others similarly situated, and<br><br>    Plaintiffs,<br><br>  v.<br><br>DELTA AIRLINES, INC.,<br><br>    Defendant. | Civil Action No. 1:21-cv-1076<br><br>**CONSOLIDATED COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

   Plaintiffs Patrick Haley and Randal Reep, on behalf of themselves and other similarly situated individuals, by and through their attorneys, allege as follows:

### <u>INTRODUCTION</u>

   1.  This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of current and former employees of Delta Airlines, Inc., including any employees of entities that merged or combined with Delta ("Delta"), who took short-term military leave (*i.e.*, leave of 30 days or fewer) from their employment with Delta that was not paid.

1

2. Since at least April 30, 2007, Defendant Delta has had a policy and practice of providing paid leave to employees when they take certain short-term leaves of absence from their employment with Delta, but not providing employees paid leave when they take short-term military leave (*i.e.*, military leave that lasts 30 consecutive days or fewer).

3. For example, Delta has provided fully paid leave to employees when they take sick leave or bereavement leave (*i.e.*, paid leave at their normal wages or salaries), and provides at least differential pay to employees who take leave for jury duty (*i.e.*, their normal wages or salaries minus any stipend received for jury service), but Delta has never provided any wages or salaries to employees who have taken short-term military leave of 30 days or fewer.

4. USERRA requires military leave to be treated no less favorably than other forms of leave that an employer provides to its employees. By providing paid leave to employees who take jury duty leave, bereavement leave, and other forms of leave, Delta was obligated by USERRA § 4316(b) to do the same for its employees who take short-term military leave. By failing to do so, Delta violated USERRA's mandate to treat military leave no less favorably than other forms of non-military leave.

5. By continuing to pay employees during periods of jury duty,

bereavement leave, and other forms of short-term leave, while failing to provide paid leave for employees during short-term military leave, Delta has violated USERRA, 38 U.S.C. § 4316(b).

6.      This action seeks a declaration that Delta violated USERRA § 4316(b) by failing to provide paid leave to Plaintiffs and members of the proposed Class during periods of short-term military leave and an order requiring Delta to provide Plaintiffs and members of the Class the pay they should have earned during their periods of short-term military leave, consistent with the requirements of USERRA.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under USERRA, a federal law. This Court also has subject matter jurisdiction over the action pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer.

8.      Venue is proper in this District because Delta is headquartered in this District, and is also proper under 38 U.S.C. § 4323(c)(2) because it maintains a place of business in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the

claims in this action occurred in this District.

**PARTIES**

9.     Plaintiff Patrick Haley is a former employee of Delta. In 1995 he began employment with Northwest Airlines Corp. ("Northwest"), which merged with Delta in 2008. From 1995 until 2008, when Northwest merged with Delta, Haley was based at the Minneapolis-Saint Paul International Airport. After initially working for Delta at the Minneapolis-Saint Paul Airport following the merger, in October 2009, Haley was transferred to the Seattle-Tacoma International Airport, where he worked as a Cargo Operations Service Manager until his retirement in September 2011. Haley currently resides in Seattle, Washington.

10.     Plaintiff Randal Reep is a former employee of Delta. On April 16, 1998, he began employment as a pilot with Delta at Orlando International Airport. He was employed by Delta from 1998 until 2016. Reep was based at Orlando International Airport until approximately January of 2001, when his base was changed to Hartsfield-Jackson Atlanta International Airport. From then until 2004, he was based variously at either Orlando International Airport or Hartsfield-Jackson Atlanta International Airport. From 2004 until his termination, Reep was then based at Hartsfield-Jackson Atlanta International Airport. Reep

resides in Florida.

11.     Defendant Delta Airlines Inc. is a publicly-traded company headquartered in Atlanta, Georgia. It is the second largest airline in the world, serving nearly 200 million travelers a year. Delta is Northwest's successor in interest. Delta merged with Northwest in 2008 and operated Northwest as a wholly-owned subsidiary of Delta until the companies fully integrated their operations in 2010. Delta is an employer within the meaning of USERRA, as it "pays salary or wages for work performed" and "has control over employment opportunities" for Plaintiffs and the proposed Class Members. 38 U.S.C. § 4303(4)(A).

**CLASS ACTION ALLEGATIONS**

12.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All current and former employees who work or worked for Delta
> Airlines, Northwest Airlines, or any other entity that merged or
> otherwise combined with Delta Airlines at a location in a
> jurisdiction covered by USERRA (*i.e.*, the United States and its
> territories) who (A) took short-term Military Leave (*i.e.*, a
> military leave of 30 consecutive days or fewer) in one or more

years during their employment with Delta from April 30, 2007,

to the present, or from May 31, 2007, to the present, in the case

of former employees of Northwest; and (B) during such period

of short-term Military Leave did not receive the regular wages or

salary that they would have earned had they continued to work

their ordinary work schedules.

Excluded from the class are the Judge assigned to the case and

any of his or her relatives.

## **Impracticality of Joinder**

13.     The Class is so numerous that joinder of all members is impracticable.

According to Delta's most recent annual report, Delta has approximately 72,000 U.S.

employees. Delta Air Lines, Inc., Annual Report (Form 10-K), at 7 (Feb. 12, 2021).

There are thousands of former and current Delta employees who are members of the

proposed Class.

14.     Delta maintains operations in every state, the District of Columbia,

and Puerto Rico. Accordingly, the members of the Class are geographically

dispersed across the country.

## **Commonality**

15.     The central question in this case, which will generate a common

answer, is whether Delta's policy or practice of failing to provide paid leave to employees during periods of short-term military leave, while providing paid leave for jury duty, bereavement leave, sick leave, and other forms of short-term, non-military leave violates USERRA, 38 U.S.C. § 4316(b).

16.    Plaintiffs' claims raise subsidiary common questions, including the following:

(a)    whether Delta maintains a policy or practice of failing to pay its employees when they take short-term military leave;

(b)    whether Delta maintains a policy or practice of providing paid leave to employees when they take jury duty, bereavement leave, sick leave, and other forms of short-term non-military leave, and whether such leaves are comparable to short-term military leave;

(c)    what relief should be awarded; and

(d)    whether Delta's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiffs and the Class Members.

17.    Because Delta adopted and applied a uniform policy or practice of not providing paid leave to employees when they take short-term military leave, these questions will produce common answers for all members of the proposed

Class.

18.     As Delta acted in a uniform manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice, and resolving the claims of the Class will be based on common legal and factual questions.

19.     Because Delta's policy or practice of failing to provide paid leave to employees when they take short-term military leave, while providing paid leave to employees when they take jury duty, bereavement leave, sick leave, and other forms of short-term non-military leave ("policy or practice") was applied uniformly to the Class, the issues relating to the relief that Class Members should receive are also common. To the extent that the policy or practice is found to have violated USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**Typicality**

20.     Plaintiffs' claims are typical of the other members of the Class because the claims challenge the same uniform policy or practice and because all Class Members were injured by the same uniform policy or practice.

**Adequacy**

21.     Plaintiffs will fairly and adequately protect the interests of other

members of the Class.

22.     Plaintiffs do not have any conflict with any other member of the Class.

23.     Plaintiffs understand their obligations as class representatives and are prepared to fulfill their duties as class representatives.

24.     Delta has no unique defenses against the Plaintiffs that would interfere with Plaintiffs' representation of the Class.

25.     Plaintiffs are represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers under USERRA.

**Rule 23(b)(3)**

26.     This action can be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

27.     The common questions of law and fact concern whether Delta's uniform policy or practice violated USERRA. As the members of the Class were all employees of Delta who took short-term military leave and their compensation was adversely affected by those violations, common questions related to Delta's

liability will necessarily predominate over any individual questions. As the calculation of Class Members' wages and/or salaries during periods of military leave can be readily calculated based on their wage and/or salary rates, and relief primarily consists of a declaration and an order requiring Delta to pay the Class Members the wages or salaries they are owed consistent with USERRA, common questions as to remedies will likewise predominate over any individual issues.

28.     A class action is superior to other available methods for the fair and efficient resolution of this controversy. The common issues will be efficiently resolved in a single class proceeding rather than multiple proceedings. Class certification is a superior method of proceeding in this action, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's obligations under USERRA and of the remedy that should be provided under USERRA.

29.     In addition, the members of the Class have a strong interest in a unitary adjudication of the issues presented in this action. Many members of the Class are unlikely to have sufficient damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all Class Members would benefit from a class action that obtains relief for all members of the Class.

30. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, Delta is headquartered in this District, a large portion of the class members are likely located in this District, and there are no difficulties in managing this case as a class action.

## FACTUAL ALLEGATIONS

### Plaintiffs' Service in the Military

#### Patrick Haley's Service in the Air Force Reserve

31. Patrick Haley enlisted in the Air Force Reserve in 1991. Haley retired from the Air Force Reserve on October 20, 2020.

32. From 1991 until October 2020, including during his employment at Northwest and Delta, Haley was required to perform military service which was covered by USERRA and, in doing so, engaged in military service that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13). Throughout his employment with Northwest and then Delta, Haley took short-term military leave in order to serve in the Air Force Reserve and perform his obligations to the U.S. Air Force. Most commonly those leaves were only a few days.

33. When Haley took leave to perform his short-term military obligations

for the U.S. Air Force, neither Delta nor Northwest provided him with paid leave during his absences (unless Haley elected to use his previously accrued vacation leave).

**Plaintiff Reep's Service in the Florida Air National Guard**

34.     Randal Reep enlisted in the Florida Air National Guard on March 10, 1998 and was commissioned and trained as an F-15 pilot. He currently holds the rank of Lieutenant Colonel.

35.     From April 1998 through the present, including during his employment at Delta, Reep was required to perform military service which was covered by USERRA. Throughout his employment with Delta, Reep took short-term military leave in order to serve in and fulfill his obligations to the Florida Air National Guard. At least some, if not all, of those leaves were protected by USERRA, and in doing so, he engaged in military service that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13). Most commonly those leaves were only a few days.

36.     When Reep took leave to perform his short-term military obligations for the Florida Air National Guard, Delta did not provide him with paid leave during his absences (unless Reep elected to use his previously accrued vacation

leave).

**Delta's Policy and Practice Regarding Military Leave**

37.     When a servicemember employee of Delta takes short-term military leave, Delta does not provide any paid leave to the employee. However, when an employee of Delta is absent from employment for a brief period of time for a number of non-military reasons, including using sick leave or bereavement leave, Delta continues to pay the employee's normal wages or salary during his or her absence up to a specified period of days. And when a Delta employee is required to perform jury service, Delta continues to pay their normal wages or salary, less any stipend received for jury service. Upon information and belief, the current practices described in this paragraph have been policies or practices of Delta (including Northwest, which merged into Delta in 2008) since at least April 30, 2007.

38.     As a result of those polices, during the time that Plaintiffs and other members of the Class took short-term military leave, Delta and Northwest did not pay Plaintiffs and other members of the Class, the wages that they would have earned had they not taken such military leave.

**USERRA Requires Delta to Provide the Same Rights and Benefits to Employees Who Took Military Leave as Employees Who Took Other Forms of Leave**

39.     USERRA § 4316(b)(1) provides in relevant part that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A) deemed to be on furlough or leave of absence while performing such service; and

(B) entitled to such other *rights and benefits* not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1) (emphasis added).

40.     The term "rights and benefits" in § 4316(b)(1)(B) is defined in USERRA § 4303(2), which provides that:

The term . . . "rights and benefits" means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2).

41.     Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees, including compensation, USERRA § 4316(b)(1) and § 4303(2) together require the employer to provide the same rights and benefits, including compensation, to employees during their military leave. *See id*.; 20 C.F.R. § 1002.150(a).

42.     The Department of Labor has interpreted § 4316(b)(1)(B)'s protections to apply when the relevant military leave is comparable to any other form of non-military leave for which the employer provides certain rights and benefits.

43.     The Department of Labor's implementing regulations provide that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b).

44.     The same DOL regulations explain that the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the

employee to choose when to take the leave should also be considered." *Id*.

**Delta Violated USERRA Because it Failed to Provide Paid Leave to Employees When They Took Military Leave, But Provided Paid Leave to Employees When They Took Other Forms of Non-Military Leave**

45.     Pursuant to Delta's policy or practice of failing to provide paid leave to employees during periods of short-term military leave, Delta failed to provide paid leave to Plaintiffs and the thousands of members of the Class during each period in which they took short-term military leave since April 30, 2007.

46.     Since at least April 30, 2007, Delta provided paid leave to employees while they were on leave from their employment with Delta including because of jury duty, illness, or bereavement.

47.     Short-term military leave is comparable within the meaning of the Department of Labor's regulation on § 4316(b)(1)(B) to non-military forms of paid leave that Delta offered to employees while they were on leave from their employment with Delta, including at least to jury duty, illness, and bereavement leave.

**Short-term Military Leave Is Comparable to Other Leaves in Duration**

48.     USERRA distinguishes between leaves of 30 days or fewer and 31 days or more in a variety of ways, including with respect to servicemembers' rights to employer-sponsored healthcare, 38 U.S.C. § 4317(a)(2); when

servicemembers must return to their employment following leave, *id.* §
4312(e)(1)(A)(i); and the scope of rights to protection from discharge following a
leave of absence, *id.* § 4316(c)(2). Military Leave of 30 days or fewer is
commonly referred to as "short-term."

49.     The duration of short-term military leave is comparable to the
duration of other forms of paid leave provided by Delta, including to the
durations of jury duty, illness, and bereavement.

50.     The duration of jury leave provided by Delta is comparable to the
duration of short-term military leave. Delta's policy does not place any durational
limit on jury duty. Jury duty generally lasts less than 30 days, and most
commonly jury duty only lasts a few days.

51.     The duration of sick leave provided by Delta is comparable to the
duration of short-term military leave. Under Delta's own policies, sick leave is
deemed short-term if it lasts less than 30 days.

52.     The duration of bereavement leave provided by Delta is comparable
to the duration of short-term military leave.

**Short-term Military Leave Is Comparable to Other Leaves as to Purpose**

53.     The purpose of providing military leave is to allow employees to
serve in the military, fulfill their civic obligations and ensure that these

servicemembers have civilian jobs when they complete their civic duties.

54.    The purpose of providing leave for jury duty is to allow employees to fulfill their civic obligations to serve on a jury and ensure that persons who serve on a jury have a job when they complete their civic duties.

55.    The purpose of providing leave for illness is to ensure employees who work in the airline industry, where the number one priority must be safety, are sufficiently well to perform their jobs and are not spreading illness among the public. As such, allowing or even requiring employees at an airline to take sick leave ensures the safety of the airline, its passengers, and the public, and it also serves an important public or civic function.

56.    The purpose of providing leave for bereavement is to ensure employees who work in the airline industry, where the number one priority must be safety, have time to grieve and are not performing their jobs distracted by grief. As such, allowing employees at an airline to take bereavement leave ensures the safety of the airline, its passengers, and the public, and it also serves an important public or civic function.

**Short-term Military Leave Is Comparable to Other Leaves in Terms of Employees' Ability to Choose When to Take the Leave**

57.    Short-term military leave taken by Plaintiffs and other members of the Class to perform their military service obligations is involuntary. Service-

18

members have certain obligations that they must perform as members of the military, and their ability to choose when to take leave to perform those obligations is constrained by the operational needs of the armed services.

58.     Leave for jury duty is ordinarily involuntary as jury duty is required by federal, state, or local law, and the timing of leave to perform it is normally not within the control of the prospective juror. While there can be some flexibility for scheduling (and some reasons that excuse service), generally jury duty is considered an obligation that one is required to perform.

59.     Bereavement leave is generally taken to attend to personal affairs arising out of a death in the employee's family. While no one has to take leave when a family member dies and such leave can be taken to attend a memorial service sometime after the death, bereavement leave is generally taken as a result of an unplanned event and the employee has little choice about the timing.

60.     Sick leave is generally taken because of an illness, the need to have a medical procedure (planned or unplanned), visits to a medical provider, and other similar reasons. As such, sick leave is generally taken as a result of an unplanned event and the employee has little choice about the timing. Upon information and belief, due to safety concerns, Delta employees are instructed to take sick leave if they are sick.

## COUNT I

## VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)

61.     Plaintiffs hereby repeat and incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

62.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

63.     As described above, Delta has maintained a policy or practice of failing to provide paid leave to employees when they take short-term military leave, while providing paid leave to employees when they take jury duty, sick leave, bereavement leave, and other forms of short-term non-military leave.

64.     These non-military leaves are comparable to short-term military leave, including based on their duration, purpose, and/or the ability of the

employee to determine whether to take the leave.

65.     Delta's policy or practice violates USERRA § 4316, because Delta denies its employees a non-seniority right or benefit that it provides to similarly situated employees who are on furlough or leave of absence.

66.     By adopting and applying this policy or practice Delta has denied the Class Members the same rights and benefits, including compensation, that Delta provided to employees who took other forms of non-military leave, and Delta has failed to provide Class Members the most favorable treatment accorded to employees who take jury duty, sick leave, bereavement leave, and other forms of non-military leave. By doing so, Delta violated and continues to violate USERRA § 4316(b)(1).

67.     Delta's policy or practice has failed to provide Plaintiffs and members of the Class the paid leave they should receive when they engage in short-term military leave.

68.     Due to Delta's failure to comply with USERRA § 4316(b)(1), Plaintiffs and other members of the Class received lower wages, salaries, and compensation than they would have received had Delta complied with USERRA.

69.     Upon information and belief, Delta's violation of USERRA § 4316(b)(1) was willful. Accordingly, Delta should be required to pay liquidated

damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Delta on all claims and respectfully requests that this Court award the following relief:

A.     Declare that Delta's policy or practice violated the rights of Plaintiffs and the Class Members under USERRA § 4316(b);

B.     Declare that Delta's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.     Require Delta to pay Plaintiffs and the Class Members the wages, salaries, and/or compensation they should have received for periods of short-term military leave, in accordance with USERRA and the Court's declaration;

D.     Order Delta to pay all members of the Class liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

E.     Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

F.     Require Delta to pay attorneys' fees, expert witness fees, litigation expenses, and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiffs' Counsel based on the common benefit and/or common fund doctrine out of any money or benefit

recovered for the Class in this Action; and

G.     Grant such other and further relief that Plaintiffs and the Class are

entitled to pursuant to Rule 54(c) of the Federal Rules of Civil Procedure that the

Court deems proper, just and/or equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all causes of action and issues for

which trial by jury is available.

Dated: June 25, 2021                    Respectfully submitted,

                                        By: /s/ Peter Romer-Friedman
                                        Peter Romer-Friedman*
                                        Robert D. Friedman**
                                        Gupta Wessler PLLC
                                        1900 L St. NW, Suite 312
                                        Washington, DC 20036
                                        Tel. (202) 888-1741
                                        Fax (202) 888-7792
                                        Email: Peter@GuptaWessler.com
                                        Email: Robert@GuptaWessler.com

                                        Stephen J. Anderson
                                        Georgia Bar. No. 018325
                                        Kenneth S. Nugent, P.C.
                                        4227 Pleasant Hill Road
                                        Building 11, Suite 300
                                        Duluth, GA 30096
                                        Tel: (770) 820-0823
                                        Fax: (770) 820-0723
                                        Email: sanderson@attorneykennugent.com

R. Joseph Barton*
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com

Michael J. Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, N.Y. 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2055
Email: mscimone@outtengolden.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS JARRARD
PLLC
1020 N. Washington St.
Spokane, WA  99201
Telephone: (425) 239-7290
Email: Tjarrard@att.net

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
Telephone: (509) 850-7011
Email: matt@crottyandson.com

*Attorneys for Plaintiff Haley*

Brian J. Lawler, Esq.*
California Bar No. 221488
PILOT LAW, P.C.
850 Beech Street, Suite 713
San Diego, California 92101

Tel: (866) 512-2465
Fax: (619) 231-4984
Email: blawler@pilotlawcorp.com

Joseph Coomes, Esq.
Georgia Bar No. 184999
LAW OFFICE OF A. JOSEPH COOMES, LLC
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3090
Email: ajc@jcoomeslaw.com

Gene J. Stonebarger, Esq.*
California Bar No. 209461
Crystal L. Matter, Esq.
California Bar No. 278084
STONEBARGER LAW, P.C.
101 Parkshore Dr., Suite 100
Folsom, California 95630
Tel: (916) 235-7140
Email: gstonebarger@stonebargerlaw.com
Email: cmatter@stonebargerlaw.com

*Attorneys for Plaintiff Reep*

* Application for admission pro hac vice granted
** Application for admission pro hac vice pending